## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CASE NO. 1:19-cv-960-CCE-JEP

GAYLA PRICE,

        **Plaintiff,**

v.

GREENSBORO NEWS & RECORD,
LLC, BH MEDIA GROUP, INC.,
BERKSHIRE HATHAWAY, INC., and
KELLY YOUNG,

        **Defendants.**

**DEFENDANTS GREENSBORO
NEWS & RECORD, LLC AND BH
MEDIA GROUP, INC.'S ANSWER**

Defendants Greensboro News & Record, LLC ("News & Record") and BH Media Group, Inc. ("BHMG") (hereinafter collectively referred to as "BHMG" or the "Defendant"), by and through counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby file their Answer to Plaintiff Gayla Price's Amended Individual and Collective Action Complaint (the "Complaint"). [Doc. 3]

As permitted by Rule 8(d) of the Federal Rules of Civil Procedure, some defenses to the claim or claims made in the Complaint may be asserted herein alternatively and, in some cases, hypothetically. Such defenses are being asserted regardless of their consistency and are based both on legal and equitable grounds. As the facts of this civil litigation are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent with the Federal Rules of Civil Procedure.

As a threshold matter, on January 31, 2013, the membership interests of Greensboro News & Record, LLC ("News & Record") were sold and assigned by Landmark Media Enterprises, LLC, a Virginia limited liability company, to World Media Enterprises, Inc. ("WME"). WME was incorporated in Delaware on May 14, 2012. WME changed its name to BH Media Group Holdings, Inc. ("Holdings") on November 14, 2013. News & Record merged into Holdings on December 30, 2013. Holdings filed its application for Certificate of Withdrawal with the North Carolina Secretary of State on December 21, 2015 with an effective date of December 31, 2015. Holdings merged into its parent company, BHMG, on December 28, 2015. BHMG was incorporated in Delaware on May 15, 2012. As BHMG was the only entity still in existence as of the date of the filing of the Complaint, BHMG, on behalf of itself and News & Record, files this Answer.

## FIRST DEFENSE

To the extent that Plaintiff's Complaint fails to state a claim upon which relief can be granted against BHMG, such claim or claims should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

Answering the specific allegations of the Complaint, BHMG states as follows:

## NATURE OF ACTION

1.      BHMG denies the allegations of paragraph 1 of the Complaint.

2

2.     BHMG admits that it terminated Kelly Young's ("Young") employment on March 28, 2017 in response to having received and investigated complaints regarding Young having exposed himself to certain employees. BHMG also admits, upon information and belief, that Young pled no contest to one count of indecent exposure that was brought against him after BHMG terminated his employment, and that as a part of his sentence he was ordered to undergo counseling for treatment of sexually deviant behavior. Except as admitted, BHMG denies the allegations of paragraph 2 of the Complaint.

3.     BHMG admits that Plaintiff purports to bring this action for the reasons stated in this paragraph, but denies any wrongdoing or violations of law on its part. Except as admitted, BHMG denies the allegations of paragraph 3 of the Complaint.

4.     BHMG admits that Plaintiff purports to bring this action for the reasons stated in this paragraph, but denies any wrongdoing or violations of law on its part. Except as admitted, BHMG denies the allegations of paragraph 4 of the Complaint.

5.     BHMG admits that Plaintiff purports to bring the claims set forth in this paragraph, but denies any wrongdoing or violations of law on its part. Except as admitted, BHMG denies the allegations of paragraph 5 of the Complaint.

6.     BHMG admits that Plaintiff purports to bring the claims set forth in this paragraph, but denies any wrongdoing or violations of law on its part. Except as admitted, BHMG denies the allegations of paragraph 6 of the Complaint.

7.     BHMG admits that Plaintiff purports to bring the claims set forth in this paragraph, but denies any wrongdoing or violations of law on its part. Except as admitted, BHMG denies the allegations of paragraph 7 of the Complaint.

PARTIES

8.     BHMG admits that it employed Plaintiff, who is black and female, in various advertising sales positions at the News & Record from approximately May 12, 2016 through May 5, 2017, the effective date of her two-week notice of her voluntary resignation that she submitted on April 24, 2017. Except as admitted, BHMG denies the allegations of paragraph 8 of the Complaint.

9.     BHMG admits that the News & Record is a leading multimedia news, information, advertising, and entertainment source for Greensboro, North Carolina and the surrounding area and that it formerly existed as a North Carolina limited liability company prior to its merger. Except as admitted, BHMG denies the allegations of paragraph 9 of the Complaint.

10.     BHMG denies the allegations of paragraph 10 of the Complaint.

11.     BHMG admits that it is an indirect subsidiary of Berkshire Hathaway, Inc.; that BHMG is headquartered in Omaha, Nebraska; and that it owns and operates several different newspapers across 10 states, including the News & Record. Except as admitted, BHMG denies the allegations of paragraph 11 of the Complaint.

12.     BHMG admits that Berkshire Hathaway, Inc. is a publicly-traded holding company, headquartered in Omaha, Nebraska, that owns subsidiaries engaged in a number

4

of business activities in a variety of different industries, including its indirect ownership of BHMG. Except as admitted, BHMG denies the allegations of paragraph 12 of the Complaint.

13. BHMG admits that it employed Young until it terminated his employment on March 28, 2017 and that, upon information and belief, he pled no contest to one count of indecent exposure that was brought against him after BHMG terminated his employment. Except as admitted, BHMG denies the allegations of paragraph 13 of the Complaint for lack of sufficient knowledge and information.

<u>JURISDICTION</u>

14. BHMG admits that it employed Plaintiff from May 12, 2016 through May 5, 2017 at the News & Record in Greensboro, North Carolina. Except as admitted, BHMG denies the allegations of paragraph 14 of the Complaint.

15. Paragraph 15 contains a legal conclusion regarding this Court's subject matter jurisdiction to which no response is required. To the extent a response is deemed required, BHMG denies the allegations of paragraph 15 of the Complaint.

16. Paragraph 16 contains a legal conclusion regarding this Court's subject matter jurisdiction to which no response is required. To the extent a response is deemed required, BHMG denies the allegations of paragraph 16 of the Complaint.

<u>VENUE</u>

17. BHMG admits the allegations of paragraph 17 of the Complaint.

5

18.     BHMG admits it conducts business activities within this Court's judicial district. Except as admitted, BHMG denies the allegations of paragraph 18 of the Complaint.

19.     BHMG admits that both Plaintiff and Young worked for News & Record within this Court's judicial district. Except as admitted, BHMG denies the allegations of paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint contains a legal conclusion regarding venue to which no response is required. To the extent a response is deemed required, BHMG denies the allegations of paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint contains a legal conclusion regarding venue to which no response is required. To the extent a response is deemed required, BHMG denies the allegations of paragraph 21 of the Complaint.

<u>PROCEDURAL STATUS</u>

22.     BHMG admits that Plaintiff filed a charge of discrimination (Charge No. 435-2017-00411) with the EEOC on or about March 31, 2017 and that she filed an amended charge of discrimination on or about September 27, 2017, both of which speak for themselves and are the best evidence of their respective contents. Except as admitted, BHMG denies the allegations of paragraph 22 of the Complaint.

23.     BHMG admits, upon information and belief, the allegations of paragraph 23 of the Complaint.

6

<u>FACTS</u>

24.     BHMG admits that it hired Plaintiff on or about May 12, 2016 as a Digital Sales Specialist at the News & Record and that BHMG also employed Young on the digital team at the News & Record. Except as admitted, BHMG denies the allegations of paragraph 24 of the Complaint.

25.     BHMG denies the allegations of paragraph 25 of the Complaint.

26.     BHMG admits that it promoted Plaintiff to Key Account Executive in July 2016 and that as part of her responsibilities in that position Plaintiff was responsible for selling print and digital advertising space to various different customers. Except as admitted, BHMG denies the allegations of paragraph 26 of the Complaint.

27.     BHMG admits that it hired Andy Brehm as Key Account Manager on or about July 25, 2016. Except as admitted, BHMG denies the allegations of paragraph 27 of the Complaint.

28.     BHMG denies the allegations of paragraph 28 of the Complaint.

29.     BHMG admits that on September 23, 2016 (not August 23, 2016, as alleged), Price submitted an online complaint through Berkshire Hathaway's ethics hotline regarding what she contended to be race and gender discrimination, which included allegations about how Bill Buschmann was assigning certain customer accounts. BHMG further admits that it investigated Price's complaint and found no evidence of race or gender discrimination. Except as admitted, BHMG denies the allegations of paragraph 29 of the Complaint for lack of sufficient knowledge and information.

7

30.     BHMG admits that on September 23, 2016 (not August 23, 2016, as alleged), Price submitted an online complaint through Berkshire Hathaway's ethics hotline regarding what she contended to be race and gender discrimination, which included allegations about how Bill Buschmann ("Buschmann") was assigning certain customer accounts. BHMG further admits that it investigated Price's complaint and found no evidence of race or gender discrimination. Except as admitted, BHMG denies the allegations of paragraph 30 of the Complaint for lack of sufficient knowledge and information.

31.     BHMG denies the allegations in paragraph 31 of the Complaint.

32.     BHMG admits that in September 2016 Tarik Cohen, who is black, was on North Carolina A&T University's football team as a running back. BHMG lacks sufficient knowledge and information as to how Plaintiff perceived comments, if any, made by Buschmann about Tarik Cohen, and therefore denies these allegations. Except as admitted, BHMG denies the allegations of paragraph 32 of the Complaint.

33.     BHMG admits that it provided Plaintiff a verbal counseling on September 30, 2016 and a first written warning on January 10, 2017, the latter of which Plaintiff refused to sign and which speaks for itself and is the best evidence of its content. Except as admitted, BHMG denies the allegations of paragraph 33 of the Complaint.

34.     BHMG admits that it terminated Young's employment on March 28, 2017 in response to having received and investigated complaints regarding Young having exposed himself to certain employees. BHMG further admits that in the course of its

8

investigation it learned that an employee had made a prior complaint about Young back in or around April 2014 to a different human resources employee that had left the company in 2015, but that this prior incident was believed to have been an isolated, accidental wardrobe malfunction by both the employee and human resources employee. Except as admitted, BHMG denies the allegations in paragraph 34 of the Complaint.

35.     BHMG admits that it terminated Young's employment on March 28, 2017 in response to having received and investigated complaints regarding Young having exposed himself to certain employees. BHMG further admits that in the course of its investigation it learned that an employee had made a prior complaint about Young back in or around April 2014 to a different human resources employee that had left the company in 2015, but that this prior incident was believed to have been an isolated, accidental wardrobe malfunction by both the employee and human resources employee. Except as admitted, BHMG denies the allegations in paragraph 35 of the Complaint.

36.     BHMG admits that it terminated Young's employment on March 28, 2017 in response to having received and investigated complaints regarding Young having exposed himself to certain employees. BHMG further admits that in the course of its investigation it learned that an employee had made a prior complaint about Young back in or around April 2014 to a different human resources employee that had left the company in 2015, but that this prior incident was believed to have been an isolated, accidental wardrobe malfunction by both the employee and human resources employee. BHMG further admits that Plaintiff did not make any complaint about Young ever having exposed

9

himself to her until March 31, 2017—after Young was terminated. Except as admitted, BHMG denies the allegations in paragraph 36 of the Complaint.

37.    BHMG denies the allegations of paragraph 37 of the Complaint for lack of sufficient knowledge and information.

38.    BHMG denies the allegations of paragraph 38 of the Complaint for lack of sufficient knowledge and information.

39.    BHMG denies the allegations of paragraph 39 of the Complaint for lack of sufficient knowledge and information.

40.    BHMG denies the allegations of paragraph 40 of the Complaint for lack of sufficient knowledge and information.

41.    BHMG denies the allegations of paragraph 41 of the Complaint for lack of sufficient knowledge and information.

42.    BHMG denies that it was in any way indifferent to concerns raised by Plaintiff and denies that Plaintiff had no recourse with BHMG to report Young's alleged conduct. BHMG denies the remaining allegations of paragraph 42 of the Complaint for lack of sufficient knowledge and information.

43.    BHMG denies the allegations of paragraph 43 of the Complaint for lack of sufficient knowledge and information.

44.    BHMG denies the allegations of paragraph 44 of the Complaint for lack of sufficient knowledge and information.

10

45.     BHMG denies the allegations of paragraph 45 of the Complaint for lack of sufficient knowledge and information.

46.     BHMG denies the allegations of paragraph 46 of the Complaint.

47.     BHMG admits that it terminated Young on March 28, 2017 and that he was not laid off as part of any layoff implemented by BHMG. Except as admitted, BHMG denies the allegations of paragraph 47 of the Complaint.

48.     BHMG admits that Plaintiff filed a charge of discrimination (Charge No. 435-2017-00411) with the EEOC on or about March 31, 2017 and that same day she also filed an online complaint through Berkshire Hathaway's ethics hotline regarding alleged conduct by Young. BHMG further admits that it had already investigated reports of Young's conduct it had received from other employees and terminated Young three days earlier on March 28, 2017. Except as admitted, BHMG denies the allegations of paragraph 48 of the Complaint.

49.     BHMG admits, upon information and belief, that Price made criminal allegations against Young at some point in April 2017. Except as admitted, BHMG denies the allegations of paragraph 49 of the Complaint for lack of sufficient knowledge and information.

50.     BHMG denies the allegations of paragraph 50 for lack of sufficient knowledge and information.

51.     BHMG lacks sufficient knowledge and information regarding what Plaintiff's state of mind was in April 2017, and accordingly those allegations are denied.

BHMG further admits that Plaintiff ultimately, on April 24, 2017, submitted two weeks' notice of her voluntary resignation from her position as Key Account Executive, effective May 5, 2017 and that Plaintiff worked for approximately 15 hours of this time and that BHMG paid her the remainder in lieu of notice up to May 5, 2017. Except as admitted, BHMG denies the allegations of paragraph 51 of the Complaint.

52.     BHMG admits that Danny Finnegan's email regarding the then-forthcoming article about Young speaks for itself and is the best evidence of its content. Except as admitted, BHMG denies the allegations of paragraph 52 of the Complaint.

53.     BHMG denies the allegations of paragraph 53 of the Complaint.

54.     BHMG denies the allegations of paragraph 54 of the Complaint.

55.     BHMG admits that on April 24, 2017, Plaintiff submitted two weeks' notice of her voluntary resignation from her position as Key Account Executive, effective May 5, 2017 and that Plaintiff worked for approximately 15 hours of this time and that BHMG paid her the remainder in lieu of notice up to May 5, 2017. Except as admitted, BHMG denies the allegations of paragraph 55 of the Complaint.

56.     BHMG denies the allegations of paragraph 56 of the Complaint for lack of sufficient knowledge and information.

57.     BHMG denies the allegations of paragraph 57 of the Complaint.

58.     BHMG denies the allegations of paragraph 58 of the Complaint.

59.     BHMG denies the allegations of paragraph 59 of the Complaint.

60.     BHMG denies the allegations of paragraph 60 of the Complaint.

12

<u>COLLECTIVE ACTION ALLEGATIONS (EQUAL PAY ACT)</u>

61.     BHMG denies the allegations of paragraph 61 of the Complaint.

62.     BHMG denies the allegations of paragraph 62 of the Complaint.

63.     BHMG admits that Plaintiff purports to bring a collective action under the Equal Pay Act, but denies that it violated the law in any way. Except as admitted, BHMG denies the allegations of paragraph 63 of the Complaint.

64.     BHMG admits that Plaintiff purports to bring a collective action under the Equal Pay Act, but denies that it violated the law in any way. Except as admitted, BHMG denies the allegations of paragraph 64 of the Complaint.

65.     BHMG denies the allegations of paragraph 65 of the Complaint.

66.     BHMG denies the allegations of paragraph 66 of the Complaint.

COUNT I<br><u>VIOLATIONS OF THE EQUAL PAY ACT</u>

67.     BHMG incorporates by reference its responses to paragraphs 1 through 66 of the Complaint.

68.     BHMG admits that Plaintiff purports to bring a collective action under the Equal Pay Act, but denies that it violated the law in any way. Except as admitted, BHMG denies the allegations of paragraph 68 of the Complaint.

69.     BHMG denies the allegations of paragraph 69 of the Complaint.

70.     BHMG denies the allegations of paragraph 70 of the Complaint.

71.     BHMG denies the allegations of paragraph 71 of the Complaint.

13

72.     BHMG denies the allegations of paragraph 72 of the Complaint.

73.     BHMG denies the allegations of paragraph 73 of the Complaint.

74.     BHMG denies the allegations of paragraph 74 of the Complaint.

75.     BHMG denies the allegations of paragraph 75 of the Complaint.

76.     BHMG denies the allegations of paragraph 76 of the Complaint.

77.     BHMG denies the allegations of paragraph 77 of the Complaint.

COUNT II
SEXUAL HARASSMENT & HOSTILE WORK ENVIRONMENT
IN VIOLATION OF TITLE VII

78.     BHMG incorporates by reference its responses to paragraphs 1 through 77 of the Complaint.

79.     BHMG denies the allegations of paragraph 79 of the Complaint.

80.     BHMG denies the allegations of paragraph 80 of the Complaint.

81.     BHMG denies the allegations of paragraph 81 of the Complaint.

82.     BHMG denies the allegations of paragraph 82 of the Complaint for lack of sufficient knowledge and information.

83.     BHMG denies the allegations of paragraph 83 of the Complaint.

84.     BHMG denies the allegations of paragraph 84 of the Complaint.

85.     BHMG denies the allegations of paragraph 85 of the Complaint.

86.     BHMG denies the allegations of paragraph 86 of the Complaint.

87.     BHMG denies the allegations of paragraph 87 of the Complaint.

14

## COUNT III
## RACE AND GENDER DISCRIMINATION
## IN VIOLATION OF TITLE VII

88.     BHMG incorporates by reference its responses to paragraphs 1 through 87 of the Complaint.

89.     Paragraph 89 of the Complaint contains a statement of law to which no response is required. To the extent a response is deemed required, BHMG denies the allegations of paragraph 89 of the Complaint.

90.     BHMG denies the allegations of paragraph 90 of the Complaint.

91.     BHMG denies the allegations of paragraph 91 of the Complaint.

92.     BHMG denies the allegations of paragraph 92 of the Complaint.

93.     BHMG denies the allegations of paragraph 93 of the Complaint.

94.     BHMG denies the allegations of paragraph 94 of the Complaint.

95.     BHMG denies the allegations of paragraph 95 of the Complaint.

96.     BHMG denies the allegations of paragraph 96 of the Complaint.

97.     BHMG denies the allegations of paragraph 97 of the Complaint.

98.     BHMG denies the allegations of paragraph 98 of the Complaint.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

99.     BHMG incorporates by reference its responses to paragraphs 1 through 98 of the Complaint.

100.    BHMG denies the allegations of paragraph 100 of the Complaint.

15

101.    BHMG denies the allegations of paragraph 101 of the Complaint.

102.    BHMG denies the allegations of paragraph 102 of the Complaint.

103.    BHMG denies the allegations of paragraph 103 of the Complaint.

104.    BHMG denies the allegations of paragraph 104 of the Complaint.

105.    BHMG denies the allegations of paragraph 105 of the Complaint.

## COUNT V
### RETALIATION IN VIOLATION OF THE NORTH CAROLINA RETALIATORY EMPLOYMENT DISCRIMINATION ACT

106.    BHMG incorporates by reference its responses to paragraphs 1 through 105 of the Complaint.

107.    BHMG denies the allegations of paragraph 107 of the Complaint.

108.    BHMG denies the allegations of paragraph 108 of the Complaint.

109.    BHMG denies the allegations of paragraph 109 of the Complaint.

110.    BHMG denies the allegations of paragraph 110 of the Complaint.

111.    BHMG denies the allegations of paragraph 111 of the Complaint.

112.    BHMG denies the allegations of paragraph 112 of the Complaint.

## COUNT VI
### CONSTRUCTIVE DISCHARGE FROM EMPLOYMENT IN VIOLATION OF TITLE VII

113.    BHMG incorporates by reference its responses to paragraphs 1 through 112 of the Complaint.

114.    BHMG denies the allegations of paragraph 114 of the Complaint.

115.    BHMG denies the allegations of paragraph 115 of the Complaint.

16

116.    BHMG denies the allegations of paragraph 116 of the Complaint.

117.    BHMG denies the allegations of paragraph 117 of the Complaint.

118.    BHMG denies the allegations of paragraph 118 of the Complaint.

119.    BHMG denies the allegations of paragraph 119 of the Complaint.

120.    BHMG denies the allegations of paragraph 120 of the Complaint.

121.    BHMG denies the allegations of paragraph 121 of the Complaint.

COUNT VII
WRONGFUL DISCHARGE IN VIOLATION OF
NORTH CAROLINA PUBLIC POLICY

122.    BHMG incorporates by reference its responses to paragraphs 1 through 121 of the Complaint.

123.    Paragraph 123 of the Complaint contains a statement of law to which no response is required. To the extent a response is deemed required, BHMG denies the allegations of paragraph 89 of the Complaint.

124.    BHMG admits that it employed Plaintiff. Except as admitted, BHMG denies the allegations of paragraph 124 of the Complaint.

125.    BHMG denies the allegations of paragraph 125 of the Complaint.

126.    BHMG denies the allegations of paragraph 126 of the Complaint.

127.    BHMG denies the allegations of paragraph 127 of the Complaint.

128.    BHMG denies the allegations of paragraph 128 of the Complaint.

129.    BHMG denies the allegations of paragraph 129 of the Complaint.

130.    BHMG denies the allegations of paragraph 130 of the Complaint.

17

COUNT VIII
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

131.    BHMG incorporates by reference its responses to paragraphs 1 through 130 of the Complaint.

132.    BHMG denies the allegations of paragraph 132 of the Complaint for lack of sufficient knowledge and information.

133.    BHMG denies the allegations of paragraph 133 of the Complaint.

134.    BHMG denies the allegations of paragraph 134 of the Complaint.

135.    BHMG denies the allegations of paragraph 135 of the Complaint.

136.    BHMG denies the allegations of paragraph 136 of the Complaint.

137.    BHMG denies the allegations of paragraph 137 of the Complaint.

138.    BHMG denies the allegations of paragraph 138 of the Complaint.

139.    BHMG denies the allegations of paragraph 139 of the Complaint.

COUNT IX
ASSAULT

140.    BHMG incorporates by reference its responses to paragraphs 1 through 139 of the Complaint.

141.    None of the allegations in Count IX are asserted against BHMG and, accordingly, none of the allegations in paragraph 141 require a response from BHMG. To the extent a response is deemed required, BHMG denies the allegations of paragraph 141 of the Complaint for lack of sufficient knowledge and information.

18

142. None of the allegations in Count IX are asserted against BHMG and, accordingly, none of the allegations in paragraph 142 require a response from BHMG. To the extent a response is deemed required, BHMG denies the allegations of paragraph 142 of the Complaint for lack of sufficient knowledge and information.

143. None of the allegations in Count IX are asserted against BHMG and, accordingly, none of the allegations in paragraph 143 require a response from BHMG. To the extent a response is deemed required, BHMG denies the allegations of paragraph 143 of the Complaint for lack of sufficient knowledge and information.

144. None of the allegations in Count IX are asserted against BHMG and, accordingly, none of the allegations in paragraph 144 require a response from BHMG. To the extent a response is deemed required, BHMG denies the allegations of paragraph 144 of the Complaint for lack of sufficient knowledge and information.

145. None of the allegations in Count IX are asserted against BHMG and, accordingly, none of the allegations in paragraph 145 require a response from BHMG. To the extent a response is deemed required, BHMG denies the allegations of paragraph 145 of the Complaint for lack of sufficient knowledge and information.

The remainder of Plaintiff's Complaint contains a prayer for relief, which does not require a response from BHMG, but BHMG denies that Plaintiff is entitled to any of the remedies or relief requested. Having fully answered the allegations of the Complaint, and not assuming any of Plaintiff's burden of proof, BHMG sets forth the following FURTHER DEFENSES:

19

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations to the extent that those claims are predicated in whole or in part upon events occurring outside the relevant period(s) of limitations. Additionally, to the extent any events alleged in this action occurred more than 180 days prior to the filing of Plaintiff's charge of discrimination or amended charge of discrimination with the EEOC, such events are untimely and are not properly asserted in this action; nor is Plaintiff entitled to relief in this action for any events which occurred more than 180 days prior to the filing of her charge of discrimination or amended charge of discrimination.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that the doctrines of estoppel, laches, and/or waiver apply to the facts of the case.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent that she did not suffer an adverse employment action as a result of BHMG's conduct.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent that the discovery of after-acquired evidence justifies any adverse employment action, if any, taken against her.

20

## SEVENTH DEFENSE

To the extent Plaintiff seeks back pay or front pay, such remedies are barred in whole or in part to the extent that she failed to exercise reasonable diligence to mitigate her damages.

## EIGHTH DEFENSE

Plaintiff's claims for compensatory and punitive damages with respect to her Title VII claims in this action are limited by and subject to the provisions of 42 U.S.C. § 1981a.

## NINTH DEFENSE

Plaintiff's claim for punitive damages with respect to her Title VII claims is barred to the extent that BHMG undertook good faith efforts to develop and enforce applicable anti-harassment, anti-discrimination, and anti-retaliation policies and did not engage in any discriminatory practices with malice or with reckless indifference to the rights of its employees under Title VII, or Plaintiff specifically.

## TENTH DEFENSE

Plaintiff's claim for punitive damages with respect to her state law claims in this action is limited by and subject to the provisions of N.C.G.S. § 1D-1 *et seq.*

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages with respect to her state law claims is barred to the extent such damages are based on a legal theory of vicarious liability under N.C.G.S.§ 1D-15(c).

21

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages are limited by and subject to the applicable provisions of the North Carolina Constitution and Constitution of the United States.

## THIRTEENTH DEFENSE

Any claims under Title VII and REDA asserted in the Complaint are barred to the extent that Plaintiff failed to exhaust her administrative remedies before the EEOC and the NCDOL, respectively.

## FOURTEENTH DEFENSE

Any claims under Title VII and REDA asserted in the Complaint are barred to the extent that such claims exceed the scope of the administrative proceedings before the EEOC and NCDOL, respectively, and are not reasonably related to the allegations in Plaintiff's EEOC charge and amended charge.

## FIFTEENTH DEFENSE

Plaintiff's EPA claim is barred to the extent she cannot show that she was paid less than relevant male comparators for equal work on jobs the performance of which required equal skill, effort, and responsibility, and which are performed under similar working conditions.

## SIXTEENTH DEFENSE

Plaintiff's EPA claim is barred to the extent that even if Plaintiff establishes a prima facie case, which is denied, any pay differential is attributable to a seniority system, a merit

system, a system which measures earnings by quantity or quality of production, or any other factor other than sex.

## SEVENTEENTH DEFENSE

Plaintiff's claim for liquidated damages under the EPA is barred to the extent BHMG acted in good faith and had reasonable grounds to believe its actions did not violate the statute.

## EIGHTEENTH DEFENSE

Plaintiff's Title VII sexual harassment claim is barred to extent that Plaintiff did not sustain any alleged harassment because of her sex.

## NINETEENTH DEFENSE

Plaintiff's Title VII sexual harassment claim is barred to the extent that any alleged harassment sustained by Plaintiff, which is denied, was not unwanted.

## TWENTIETH DEFENSE

Plaintiff's Title VII sexual harassment claim is barred to the extent that any alleged harassment sustained by Plaintiff, which is denied, was not severe or pervasive.

## TWENTY-FIRST DEFENSE

Plaintiff's Title VII sexual harassment claim is barred to the extent that BHMG neither knew, nor should have known, of any alleged harassment.

## TWENTY-SECOND DEFENSE

Plaintiff's Title VII sexual harassment claim is barred to the extent that BHMG exercised reasonable care to prevent and promptly correct any alleged harassing behavior.

## TWENTY-THIRD DEFENSE

Plaintiff's Title VII sexual harassment claim is barred to the extent that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities that BHMG provided.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff establishes that her race or sex was a motivating factor in any employment decision by BHMG, which is denied, Plaintiff's Title VII race and gender discrimination claims are nonetheless barred as BHMG would have made the same decision in the absence of any impermissible motivating factor.

## TWENTY-FIFTH DEFENSE

Plaintiff's Title VII race and gender discrimination claims are barred to the extent that the personnel actions involving her were undertaken in good faith and were based upon legitimate business reasons, which were non-discriminatory.

## TWENTY-SIXTH DEFENSE

Plaintiff's retaliation claim under Title VII is barred to the extent Plaintiff did not engage in protected activity within the meaning of Title VII.

## TWENTY-SEVENTH DEFENSE

Plaintiff's retaliation claim under Title VII is barred to the extent Plaintiff cannot prove a causal connection between any protected activity and any adverse employment action.

## TWENTY-EIGHTH DEFENSE

Plaintiff's retaliation claim under REDA is barred to the extent Plaintiff did not engage in protected activity within the meaning of REDA.

## TWENTY-NINTH DEFENSE

Plaintiff's retaliation claim under REDA is barred to the extent Plaintiff cannot prove a causal connection between any protected activity and any adverse employment action.

## THIRTIETH DEFENSE

Plaintiff's constructive discharge claim under Title VII is barred to the extent she cannot show that her working conditions were so intolerable that she was forced to quit her employment with BHMG.

## THIRTY-FIRST DEFENSE

Plaintiff's constructive discharge claim under Title VII is barred to the extent she cannot show that BHMG deliberately made her working conditions intolerable in an effort to induce her to quit.

## THIRTY-SECOND DEFENSE

Plaintiff's claim for wrongful discharge is barred to the extent she has not identified a violation of North Carolina public policy with regard to the conduct alleged in the Complaint.

25

### THIRTY-THIRD DEFENSE

Plaintiff's claim for wrongful discharge is barred in that Plaintiff was not discharged by BHMG, but instead made her own decision to resign.

### THIRTY-FOURTH DEFENSE

Plaintiff's claim for intentional infliction of emotional distress claim is barred to the extent she cannot establish the requisite level of extreme and outrageous conduct, or that she suffered severe emotional distress, as a result of the purported unlawful conduct by Young against her as alleged in the Complaint.

### THIRTY-FIFTH DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is barred to the extent Young or other BHMG employees or agents were acting outside the course and scope of their employment or agency relationship.

### THIRTY-SIXTH DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is barred to the extent that BHMG did not authorize, acquiesce, approve, condone or ratify the conduct alleged with respect to this claim.

Because no discovery has yet to occur in this action, BHMG reserves the right to assert further defenses as appropriate.

WHEREFORE, BHMG respectfully prays that the Court enter a judgment providing that:

1.      Plaintiff's claims in this action be dismissed in their entirety, with prejudice;

2.      Plaintiff recovers nothing of BHMG;

3.      BHMG be awarded its reasonable costs in defending this action, including its reasonable attorneys' fees; and

4.       BHMG be awarded such other and further relief as this Court deems appropriate.

Respectfully submitted, this the 29th day of November, 2019.

/s/ William J. McMahon, IV
William J. McMahon, IV
N.C. State Bar No. 34097
Email: bmcmahon@constangy.com
CONSTANGY, BROOKS, SMITH, &
PROPHETE, LLP
100 N. Cherry St., Suite 300
Winston-Salem, NC 27101
Telephone: 336-721-1001
Facsimile: 336-748-9112

*Counsel for Defendants Greensboro News & Record, LLC and BH Media Group, Inc.*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed **DEFENDANT GREENSBORO NEWS & RECORD, LLC AND BH MEDIA GROUP, INC.'S ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   **Catharine E. Edwards** (cedwards@edwardskirby.com) and **Stephanie W. Anderson** (swa@bsa-llp.com)  and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  none.

This the 29th day of November, 2019.

**/s/ William J. McMahon, IV**
William J. McMahon, IV
N.C. State Bar No. 34097
Email: bmcmahon@constangy.com
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
100 North Cherry Street, Suite 300
Winston-Salem, NC  27101
Telephone: (336) 721-1001
Facsimile:  (336) 748-9112

28